UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

REBECCA CARBONELL f/k/a REBECCA
PLUT, individually,
        Plaintiff,

v.

WEINSTEIN, PINSON, & RILEY, P.S.,                    **JURY DEMAND**
a Washington professional service corporation, and
ANTHONY D. COLUNGA, an individual,

        Defendants.

_____/

## COMPLAINT

1.      Plaintiff REBECCA CARBONELL, formerly known as REBECCA PLUT, alleges

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

against Defendants WEINSTEIN, PINSON, & RILEY, P.S. and ANTHONY D.

COLUNGA.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k

as this is a civil action arising under the laws of the United States.

3.      This Court has personal jurisdiction over the Defendants because the lawsuits forming the

basis of this action were filed and served by Defendants in this District, and because

Defendants conduct business in this District by regularly filing consumer lawsuits in this

District.

4.      Venue in this District is proper because the Plaintiff resides here and was sued and served

with a lawsuit filed by Defendants in this District.

**PARTIES**

5.     Plaintiff REBECCA CARBONELL, formerly known as REBECCA PLUT, is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6.     Defendant WEINSTEIN, PINSON, & RILEY, P.S. ("Weinstein, Pinson, & Riley") is a debt collector and law firm that regularly files lawsuits to collect consumer debts on behalf of other persons.  Weinstein, Pinson & Riley is incorporated in the State of Washington, and operates from principal offices are located at 2001 Western Avenue, Suite 400, Seattle, WA 98121.

7.     Defendant ANTHONY D. COLUNGA is a Florida licensed attorney and employee of Defendant Weinstein, Pinson, & Riley who signed the complaint initiating the lawsuit that is the basis of this action.

8.     Defendants regularly collect or attempt to collect consumer debts for other persons.

9.     Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10.    Prior to the institution of this lawsuit, Plaintiff allegedly incurred financial obligations in connection with a student loan.

11.    Plaintiff incurred these financial obligations for primarily personal, family, and household purposes.

12.    On November 27, 2013, the Defendants filed a complaint against the Plaintiff in Miami-Dade County, Florida Circuit Court, Case Number 2013-26655-CC-05, seeking monetary damages for an alleged default on said student loan, allegedly now owned by National Collegiate Student Loan Trust 2006-1.  A copy of said complaint is attached hereto as Exhibit A.

13.     On November 27, 2013, the Defendants filed a complaint against the Plaintiff in Miami-Dade County, Florida Circuit Court, Case Number 2013-37035-CA-01, seeking monetary damages for an alleged default on said student loan, allegedly now owned by National Collegiate Student Loan Trust 2006-3.  A copy of the complaint is attached hereto as Exhibit B.

14.     Paragraph 11 of the aforementioned complaints state "Pursuant to the 11 U.S.C. §1692g(a) [sic] and §559.552 Fla. Stat., Defendants are informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and that the debt referenced in this suit will be assumed valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof."

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15.     Plaintiff incorporates paragraphs 1 through 14 herein.

16.     Pursuant to 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

17.     Defendants' allegations in paragraph 11 of the complaints, that the consumer must dispute the debt "within thirty (30) days of the date hereof," suggests that the consumer has thirty (30) days to respond to the complaint, rather than twenty (20) days as prescribed by Florida law and the summons.  Further, this allegation suggests that the consumer must file a response with the Court disputing the debt, which would then be deemed an answer.  In such case, the consumer would waive many of his or her rights, including the right to contest service of process, and the right to file a motion to dismiss.

18.     Thee allegations in paragraph 11 of the complaints are deceptive to the least sophisticated

consumer, and thereby violate 15 U.S.C. § 1692e.  Accordingly, the Defendants violated

15 U.S.C. § 1692e of the FDCPA in paragraph 11 of their complaints against the

Plaintiff.

WHEREFORE, Plaintiff REBECCA PLUT, requests that the Court enter judgment in

favor of Plaintiff and against Defendants WEINSTEIN, PINSON, & RILEY, P.S., and

ANTHONY D. COLUNGA. for:

    a.   actual damages;

    b.   statutory damages of $1,000.00;

    c.   attorney's fees, litigation expenses, and costs of the instant suit, and;

    d.   such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 23rd day of January, 2014.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By:  /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069