UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:14-cv-20273-WPD

REBECCA CARBONELL f/k/a REBECCA
PLUT, individually,
    Plaintiff,

v.

WEINSTEIN, PINSON, & RILEY, P.S.,
a Washington professional service corporation, and
ANTHONY D. COLUNGA, an individual,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT OF DAMAGES
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff REBECCA CARBONELL, pursuant to the Court's May 30, 2014 <u>Order Granting Plaintiff's Motion for Judgment on the Pleadings</u> [ECF No. 20], respectfully moves this Court for Entry of Judgment of Damages against Defendants WEINSTEIN, PINSON, & RILEY, P.S., and ANTHONY D. COLUNGA. For the reasons contained herein and in the Plaintiff's Memorandum of Law in support hereof, Plaintiff respectfully requests that the Court grant this motion and enter judgment in the amount of $1,000.00 against Defendants. Plaintiff will subsequently move for an award of costs and reasonable attorney's fees in accordance with Local Rule 7.3.

1. On May 30, 2014, the Court granted Plaintiff's Motion for Judgment on the Pleadings, and entered judgment as to liability against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"). [ECF No. 20].

2. In the aforementioned order, the Court directed the Plaintiff to file a motion regarding the amount of damages sought within 10 days. *Id.*

3. Under the FDCPA, damages for violation are prescribed as follows: "(1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . ." 15 U.S.C. § 1692k(a). Further, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court" may be recovered by the Plaintiff. *Id.*

4. Accordingly, the Plaintiff hereby moves for entry of judgment of damages against Defendants in the sum of $1,000.00.[1]

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants in the amount of $1,000.00, plus costs and reasonable attorney's fees to be awarded in a separate motion to be filed in accordance with Local Rule 7.3.

Respectfully submitted this 9th Day of June, 2014.

          BRET L. LUSSKIN, Esq.
          *Attorney for Plaintiff*
          20803 Biscayne Blvd., Ste 302
          Aventura, Florida 33180
          Telephone: (954) 454-5841
          Facsimile: (954) 454-5844
          blusskin@lusskinlaw.com

          By:    /S/ Bret L. Lusskin, Esq.
                    Bret L. Lusskin, Esq.
                    Florida Bar No. 28069

---

[1] Plaintiff seeks only statutory damages, costs, and reasonable attorney's fees in this case.

**MEMORANDUM OF LAW**

**I.      The Full $1,000.00 in Statutory Damages is Appropriate In This Case**

A civil cause of action is available to consumers whose rights have been infringed under the FDCPA. 15 U.S.C. § 1692k. The damages are prescribed as follows: "(1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . ." 15 U.S.C. § 1692k(a). This subsection permits the Court to award the Plaintiff up to $1,000.00, in addition to any actual damages suffered. For the reasons expressed herein, Plaintiff respectfully asks the Court to award the full $1,000.00 to the Plaintiff.

The FDCPA is a consumer statute with a "private attorneys general" enforcement mechanism. *Whatley v. Universal Collection Bureau Inc. (Florida)*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981). The FDCPA makes statutory damages available to aggrieved consumers to incentivize them to bring suit even when they can only prove minimal actual damages. *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925, 927 (D. Del. 1991). In other words, Congress intended to give the FDCPA sharp enough "teeth" to impel consumers and their attorneys to file lawsuits, irrespective of how big or small the violation. *Id.*

In this case, the Plaintiff does not claim any actual damages. Although Defendants' violations were substantial and likely to cause considerable prejudice, no actual damages resulted in this particular case. Consequently, the imposition of statutory damages is appropriate.

The maximum sum of statutory damages under the FDCPA has not changed since the law was enacted in 1977. As a result, the law has not kept pace with inflation, and the $1,000.00 statutory sum is considerably less meaningful than it was over 35 years ago. If the Court were to award less than the full $1,000.00, it would fail to incentivize consumers like Plaintiff to

continue bringing these actions. It would also fail to carry enough weight to deter the Defendants from future violations. In consequence, the Court should impose the full $1,000.00 against the Defendants.

## II. Plaintiff Will Separately Move for Costs and Reasonable Attorney's Fees.

15 U.S.C. § 1692k(a) further provides that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court" may be recovered by the Plaintiff. Consequently, pursuant to Local Rule 7.3, once the Court has ruled upon the instant Motion for Entry of Judgment of Damages, Plaintiff will separately move for a bill of costs and an award of reasonable attorney's fees.

## CONCLUSION

On May 30, 2014, the Court granted Plaintiff's Motion for Judgment on the Pleadings, and entered judgment as to liability against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"). [ECF No. 20]. In the aforementioned order, the Court directed the Plaintiff to file a motion regarding the amount of damages sought within 10 days. *Id.*

Under the FDCPA, Plaintiff is entitled to statutory damages of up to $1,000.00, plus any actual damages incurred as a result of Defendants' conduct. Plaintiff does not claim any actual damages in this case. Accordingly, imposition of the full $1,000.00 in statutory damages is appropriate. Accordingly, the Plaintiff hereby moves for entry of judgment of damages against Defendants in the sum of $1,000.00.

Respectfully submitted this 9th Day of June, 2014.

>BRET L. LUSSKIN, Esq.
>*Attorney for Plaintiff*
>20803 Biscayne Blvd., Ste 302
>Aventura, Florida 33180

                                    Telephone: (954) 454-5841
                                    Facsimile: (954) 454-5844
                                    blusskin@lusskinlaw.com

                            By:    <u>/S/ Bret L. Lusskin, Esq.</u>
                                    Bret L. Lusskin, Esq.
                                    Florida Bar No. 28069

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 9th, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served by U.S. Mail or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    BRET L. LUSSKIN, Esq.
                                    *Attorney for Plaintiff*
                                    20803 Biscayne Blvd., Ste 302
                                    Aventura, Florida 33180
                                    Telephone: (954) 454-5841
                                    Facsimile: (954) 454-5844
                                    blusskin@lusskinlaw.com

                            By:    <u>/S/ Bret L. Lusskin, Esq.</u>
                                    Bret L. Lusskin, Esq.
                                    Florida Bar No. 28069